UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL WILSON,

        Petitioner,

v.                                      CAUSE NO. 3:19-CV-436-DRL-MGG

WARDEN,

        Respondent.

OPINION & ORDER

Michael Wilson, a prisoner without a lawyer, filed a habeas corpus petition challenging a prison disciplinary proceeding at Indiana State Prison (ISP19-02-0198) in which a disciplinary hearing officer found him guilty of possession or use of a controlled substance in violation of Indiana Department of Correction ("IDOC") disciplinary offense B-202. ECF 1. He was sanctioned with a loss of 90 days of earned-time credits and a demotion in credit class. *Id.* at 1.

The charge was initiated on February 13, 2019, when Officer D. Lindborg wrote a conduct report stating that on that date, he found Mr. Wilson unresponsive in his cell, "turning blue and cold to the touch." ECF 8-1. He called a nurse, who administered three doses of Narcan.[1] Mr. Wilson began to revive. ECF 8-2. He was taken to an outside hospital for treatment. *Id.* The following day, the nurse wrote a report stating that lab tests conducted at the hospital showed that Mr. Wilson had marijuana and amphetamines in his system. *Id.*

On February 20, 2019, Mr. Wilson was formally notified of the charge. ECF 8-5. He pleaded not guilty and requested a lay advocate, and one was appointed for him. *Id.*; ECF 8-6. He stated that he wanted witness statements but did not "know the names at this time" and would make a request

---

[1] Narcan is a medication generally given in cases of drug overdose. *United States v. Husband*, 312 F.3d 247, 249 (7th Cir. 2002).

to the hearing officer at a later date. ECF 8-5. He also requested that another urinalysis be conducted at the prison. *Id.* There is no indication from the record that Mr. Wilson ever submitted a request for witness statements to the hearing officer. On February 26, 2019, the hearing officer held a hearing on the charge. ECF 8-7. Mr. Wilson stated in his defense: "I did not use drugs. I have a heart condition." *Id.* The hearing officer considered staff reports and Mr. Wilson's statement, and found him guilty. *Id.* His administrative appeals were denied. ECF 8-8; ECF 8-9.

When prisoners lose earned time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charge; (2) an opportunity to be heard before an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Wilson raises one claim in his petition: that there was "absolutely no evidence supporting the charged offense." ECF 1-1. Due process will be satisfied as long as there is "some evidence" to support the finding of guilt. *Hill*, 472 U.S. at 455. Under the law:

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. . . . It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Hearing officers are entitled to resolve conflicts in the stories presented to them, as long as "some evidence" supports their decision. *Johnson v. Finnan*, 467 F.3d 693, 695 (7th Cir. 2006).

Here, Mr. Wilson was found guilty of possessing or using a controlled substance. The record contains evidence that Mr. Wilson was found unresponsive in his cell, that he responded to Narcan, and that a lab report from a private hospital showed marijuana and amphetamines in his system. Although he argues that that there was no "corroborating lab report," this was not a requirement of due process. *See Wolff*, 418 U.S. at 564; *Hill*, 472 U.S. at 455. The hearing officer was entitled to credit the conduct report and the nurse's statement, which provided some evidence of his guilt. Although he protests that he does not use illegal drugs, it is not the province of this court to reweigh the evidence to make its own determination of guilt or innocence. *Webb*, 224 F.3d at 652.

Mr. Wilson appears to raise additional claims in his traverse regarding the denial of evidence. ECF 13. A traverse is not the place to raise a new claim for the first time. *See* Rule 2(c)(1) of the RULES GOVERNING SECTION 2254 CASES (providing that all grounds for habeas corpus relief must be contained in the petition). In any event, these additional claims do not entitle him to federal habeas relief.

Mr. Wilson complains that the lab report from the private hospital was not produced to him, but there is no evidence that he requested such evidence. *See* ECF 8-5. Even assuming the prison had a physical copy of the lab report, prison staff cannot be faulted for failing to produce evidence Mr. Wilson did not properly request. *Sweeney v. Parke*, 113 F.3d 716, 720 n.5 (7th Cir. 1997); *Miller v. Duckworth*, 963 F.2d 1002, 1005 n.2 (7th Cir. 1992). He also complains that the hearing officer did not honor his request to have a urinalysis conducted at the prison when he returned from the hospital. Prisoners have a right to submit relevant exculpatory evidence, but they do not have the right to the creation of evidence that does not already exist. *Wolff*, 418 U.S. at 556. Additionally, prisoners only have a right to the production of exculpatory evidence. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th

Cir. 1996). Even if Mr. Wilson did not have drugs in his system on February 20, 2019—the day he requested the urinalysis test—this would not directly undermine the evidence that he consumed illegal drugs a week earlier when he was found unresponsive in his cell. He has not established a due process violation.

For these reasons, the court DENIES the habeas corpus petition (ECF 1) and DIRECTS the clerk to enter judgment in this case accordingly.

SO ORDERED.

August 24, 2020                                                  *s/ Damon R. Leichty*
                                                                 Judge, United States District Court